UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 06-10 (ADM/JJG)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | **SUPERSEDING INDICTMENT** |
| ) | |
| Plaintiff, ) | (26 U.S.C. § 7201) |
| ) | (18 U.S.C. § 371) |
| v. ) | (18 U.S.C. § 2) |
| ) | |
| 1. ROBERT B. BEALE and ) | |
| ) | |
| 2. LEE D. STAGNI, ) | |
| ) | |
| Defendants. ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

1. ROBERT B. BEALE is the founder, majority shareholder and CEO of the Comtrol Corporation, a Minnesota Corporation located at 6655 Wedgwood Road, Maple Grove, Minnesota. LEE D. STAGNI was the president of Comtrol as of July 2000 and continuing until January 2005.

2. Prior to September 2000, BEALE was paid as an employee of Comtrol using an automated payroll system, with standard withholdings for payroll taxes. For the tax years prior to 2000, BEALE was issued a Form W-2 and the Internal Revenue Service was notified of his income from Comtrol.

3. In or about September 2000, although his duties at Comtrol had not changed, BEALE directed the payroll department at Comtrol to change his employment designation from "employee" to "consultant." In or about September 2000, BEALE began to receive his salary from Comtrol under the name of the "Chayil" corporation, a corporate entity which in 2000 served no purpose other than as a

SCANNED
AUG 15 2006
U.S. DISTRICT COURT MPLS

AUG 14 2006
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED_____
DEPUTY CLERK'S INITIALS_____

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

pass-through entity for concealing BEALE's income from the Internal Revenue Service.

4.  Also in or about September 2000, BEALE and STAGNI directed Comtrol's payroll department to: (a) back-date the change in BEALE's designation from "employee" to "consultant" to January 1, 2000, and eliminate the record of his paycheck through the automated payroll system used by Comtrol, which ensured that no form W-2 would be issued to report BEALE's income to the Internal Revenue Service; (b) "reverse" and recover all funds that had been withheld and paid over to the Internal Revenue Service as federal personal income tax withholding on BEALE's income from Comtrol from January 1, 2000 through September 2000; and (c) pay over to BEALE the funds which had been withheld.  BEALE and STAGNI also created and provided to Comtrol back-dated Chayil invoices, purporting to be for consulting services, to cover the amounts that he had previously been paid as an employee from January through September 2000.

5.  At the end of 2000, BEALE advised that he did not want Comtrol payroll personnel to issue a Form 1099 for Chayil, nor to issue a Form W-2 in BEALE's name, for the income he received from Comtrol, which resulted in a failure by Comtrol to advise the IRS of BEALE's income as required by federal law.  At this time, the Comtrol payroll personnel responsible for issuing the Form 1099

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

indicated to STAGNI, among others, that Comtrol was required by law to issue a Form 1099 for the income paid to BEALE via "Chayil." STAGNI responded by specifically directing Comtrol payroll personnel not to issue the Form 1099. As of the end of 2000, it was well known to STAGNI that BEALE was opposed to paying income taxes.

6.   BEALE's income from Comtrol in 2000 was $701,574.87.

7.   BEALE has never reported his income from Comtrol in 2000 to the Internal Revenue Service or the Minnesota Department of Revenue.

8.   BEALE has never filed a state or federal tax return for 2000, nor has he paid state or federal taxes on his income from 2000.

9.   From in or about September 2000 to at least September 2004, BEALE continued to receive income from Comtrol through the shell corporation Chayil, or its successor, Chayil Ltd. Chayil Ltd. was formed on or about April 6, 2001, as a Florida Limited Partnership, with BEALE listed as the general and sole partner, and a business address which is the same that of Comtrol: 6655 Wedgwood Road, Maple Grove, Minnesota. From May 2001 until at least September 2004, BEALE was paid income exceeding $4,000,000 from Comtrol through Chayil Ltd. Neither Chayil Corp. nor Chayil Ltd.

U.S. v. Robert Beale, et al.          Criminal No. 06-10 (ADM/JJG)

has ever filed a tax return or in any way reported the money paid by Comtrol.

10. In addition, for each year from 2000 to 2005 BEALE, with the assistance of STAGNI, has: (a) continued to direct that Comtrol not report his income to the Internal Revenue Service; (b) failed to report his income to the Internal Revenue Service; (c) failed to pay state or federal taxes on his income. BEALE repeatedly sent letters to the Internal Revenue Service purportedly requesting that the Internal Revenue Service advise him of his tax liability knowing that -- because he had disguised and concealed his income when he knew he had an obligation to report it -- the Internal Revenue Service could not give him an accurate statement of his tax liability.

11. From 2000 to 2005, BEALE and STAGNI engaged in a concerted effort to conceal and disguise the source, location, and amount of BEALE's income. Specifically, as President of Comtrol, STAGNI on his own and by directing subordinate employees: (a) paid BEALE in a manner which eliminated a paper trail; (b) sent money to BEALE through a Swiss bank account accessible only to BEALE and STAGNI; (c) obstructed attempts by the Minnesota Department of Revenue to obtain money and property belonging to BEALE to pay delinquent taxes; and (d) obstructed attempts by the Minnesota

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

Department of Revenue to obtain documents and records showing income paid to BEALE through Chayil.

12. From January 1, 2000, to in or about September 2004, BEALE has received income from Comtrol of at least $4,800,000.00, and has willfully failed to pay taxes on this income. BEALE was paid the following amounts during each calendar year:

| Calendar Year | Income from Comtrol to Beale |
|---|---|
| 2000 | $700,000.00 |
| 2001 | $500,000.00 |
| 2002 | $1,000,000.00 |
| 2003 | $1,100,000.00 |
| 2004 | $1,500,000.00 |

13. In exchange for his orchestration of the efforts at Comtrol to conceal the income paid to BEALE by Comtrol, STAGNI was paid over $1.4 million during the period charged in the indictment. Also in exchange for his participation in BEALE's tax evasion, BEALE paid STAGNI over $400,000 of his salary through a sham corporation called "Rocket Promotions." Although the Rocket Promotions payments were characterized as "advertising income" in public records, they were accurately described in private communications between STAGNI and BEALE as part of STAGNI's salary. Stagni had a drag racing hobby, and by treating the payments as income to the Rocket Promotions "business" rather than his salary

U.S. v. Robert Beale, et al.					Criminal No. 06-10 (ADM/JJG)

at Comtrol he was able to conceal his income and write off all of the expenses of his car racing hobby. STAGNI committed tax evasion by falsely characterizing the portion of his salary run through to Rocket Promotions as advertising income on his tax returns. The payments to Rocket Promotions got progressively larger during the period of the conspiracy charged in this case. In addition, Stagni began to receive "employment performance bonuses" through Rocket Promotions, including over $190,000 of bonuses authorized by BEALE, which he then characterized on his tax returns as income to Rocket Promotions.

14. The increases in Rocket Promotions payments approved by BEALE often coincide with significant overt acts in the conspiracy. STAGNI's salary paid through Rocket Promotions rose from approximately $25,000 in 2000; to $59,500 in 2001; $77,538 in 2002; $94,600 in 2003; and $148,784 in 2004. The false characterization of the Rocket Promotions payments constituted income tax evasion by Stagni and payroll tax evasion by Comtrol.

### COUNT 1
(Tax Evasion - 2000)

15. The Grand Jury realleges all of the allegations contained in paragraphs 1 through 14 of this indictment. During the calendar year 2000, the defendant, ROBERT B. BEALE, had and received taxable income in excess of $700,000.00, and upon said taxable income there

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

was owing to the United States of America an income tax in excess of $200,000.00.

16.  Well-knowing and believing the foregoing facts, the defendants,

> ROBERT B. BEALE and
> LEE D. STAGNI,

with LEE D. STAGNI acting as an aider and abettor, in the State and District of Minnesota, did knowingly and willfully attempt to evade and defeat the income tax due and owing by ROBERT B. BEALE to the United States of America for the calendar year 2000 by failing to make an income tax return on or before April 16, 2001, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by engaging in the affirmative actions set forth above, particularly in paragraphs 3 through 5, 13 and 14, all in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

## COUNT 2
(Tax Evasion - 2001)

17.  The Grand Jury realleges all of the allegations contained in paragraphs 1 though 14 of this indictment.  During the calendar year 2001, the defendant, ROBERT B. BEALE, had and received taxable income in excess of $500,000.00, and upon said taxable income there

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

was owing to the United States of America an income tax in excess of $150,000.00.

18.  Well-knowing and believing the foregoing facts, the defendants,

ROBERT B. BEALE and<br>LEE D. STAGNI,

with LEE D. STAGNI acting as an aider and abettor, in the State and District of Minnesota, did knowingly and willfully attempt to evade and defeat the income tax due and owing by ROBERT B. BEALE to the United States of America for the calendar year 2001 by failing to make an income tax return on or before April 15, 2002, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by engaging in the affirmative actions set forth above, particularly in paragraphs 3 through 5 and 9 through 14, all in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

<b><u>COUNT 3</u></b><br>(Tax Evasion - 2002)

19.  The Grand Jury realleges all of the allegations contained in paragraphs 1 through 14 of this indictment.  During the calendar year 2002, the defendant, ROBERT B. BEALE, had and received taxable income in excess of $1,000,000.00, and upon said taxable income

U.S. v. Robert Beale, et al.     Criminal No. 06-10 (ADM/JJG)

there was owing to the United States of America an income tax in excess of $300,000.00.

20. Well-knowing and believing the foregoing facts, the defendants,

> ROBERT B. BEALE and
> LEE D. STAGNI,

with LEE D. STAGNI acting as an aider and abettor, in the State and District of Minnesota, did knowingly and willfully attempt to evade and defeat the income tax due and owing by ROBERT B. BEALE to the United States of America for the calendar year 2002 by failing to make an income tax return on or before April 15, 2003, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by engaging in the affirmative actions set forth above, particularly in paragraphs 3 through 5 and 9 through 14, all in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

### COUNT 4
(Tax Evasion - 2003)

21. The Grand Jury realleges all of the allegations contained in the paragraphs 1 through 14 of this indictment. During the calendar year 2003, the defendant, ROBERT B. BEALE, had and received taxable income in excess of $1,100,000.00, and upon said

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

taxable income there was owing to the United States of America an income tax in excess of $300,000.00.

22. Well-knowing and believing the foregoing facts, the defendants,

>      ROBERT B. BEALE and
>      LEE D. STAGNI,

with LEE D. STAGNI acting as an aider and abettor, in the State and District of Minnesota, did knowingly and willfully attempt to evade and defeat the income tax due and owing by ROBERT B. BEALE to the United States of America for the calendar year 2003 by failing to make an income tax return on or before April 15, 2004, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by engaging in the affirmative actions set forth above, particularly in paragraphs 3 through 5 and 9 through 14, all in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

### COUNT 5
(Tax Evasion - 2004)

23. The Grand Jury realleges all of the allegations contained in paragraphs 1 through 14 of this indictment. During the calendar year 2004, the defendant, ROBERT B. BEALE, had and received taxable income in excess of $1,500,000.00, and upon said taxable income

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

there was owing to the United States of America an income tax in excess of $550,000.00.

24. Well-knowing and believing the foregoing facts, the defendants,

>        ROBERT B. BEALE and
>        LEE D. STAGNI,

with LEE D. STAGNI acting as an aider and abettor, in the State and District of Minnesota, did knowingly and willfully attempt to evade and defeat the income tax due and owing by ROBERT B. BEALE to the United States of America for the calendar year 2004 by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service said income tax, and by engaging in the affirmative actions set forth above, particularly in paragraphs 3 through 5 and 9 through 14, all in violation of Title 26, United States Code, Section 7201, and Title 18, United States Code, Section 2.

### Count 6
(Conspiracy to Defraud the United States)

25. The Grand Jury realleges all of the allegations contained in paragraphs 1 through 14 of this indictment. From in or about September 2000, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including January 10, 2006, in the State and District of Minnesota, defendants,

11

U.S. v. Robert Beale, et al.                Criminal No. 06-10 (ADM/JJG)

ROBERT B. BEALE and
LEE D. STAGNI,

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with each other and with other individuals both known and unknown to the Grand Jury to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue, and particularly to defeat the collection of income taxes.

26. The manner and means by which the conspiracy was sought to be accomplished included, among others, paying income from Comtrol to ROBERT B. BEALE, or to companies controlled by ROBERT B. BEALE and created for the purpose of concealing his income, without reporting that income to the Internal Revenue Service or any other proper officer of the United States, and similarly by paying income from Comtrol to LEE D. STAGNI or through his company, Rocket Promotions, which was created for the purpose of concealing his income, without reporting the true nature of the income to the Internal Revenue Service or any other proper officer of the United States, as described in paragraphs 3-14 of this indictment.

27. In order to effect the objects of the conspiracy and in furtherance of the conspiracy, defendants ROBERT B. BEALE and LEE

U.S. v. Robert Beale, et al.        Criminal No. 06-10 (ADM/JJG)

D. STAGNI committed and caused to be committed the following overt acts in the District of Minnesota and elsewhere: back-dating documents so as to conceal from the Internal Revenue Service defendant ROBERT B. BEALE's income from Comtrol; seeking the return of money previously withheld from ROBERT B. BEALE's paychecks and paid over to the Internal Revenue Service; directing Comtrol employees not to generate documentation of defendant ROBERT B. BEALE's income from Comtrol, including but not limited to Forms W-2 and/or Forms 1099; creating false invoices for Chayil Corp. and Chayil Ltd. to conceal income paid by Comtrol to ROBERT B. BEALE; obstructing collection efforts and investigation of the Minnesota Department of Revenue; and paying LEE D. STAGNI's salary through Rocket Promotions.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY                FOREPERSON