In the District Court of the United states

In re Robert Bonine Beale )
)
Robert Bonine Beale )     Petition
)
Petitioner )     for the Great Writ of
)
)     Habeas Corpus ad Subjicien'dum
)
B. Todd Jones, United States Attorney )
)
Bruce Pearson, Warden FCC Yazoo )
)     Case No: 10CV4293/06CR10
Respondents )

RECEIVED BY MAIL JAN 31 2011 CLERK, US DISTRICT COURT MINNEAPOLIS, MN

### Petition for Discharge of the Prisoner

Petitioner, Robert Bonine Beale, in propia persona, petitions this court by special visitation to dismiss the charges against the Petitioner and discharge the prisoner pursuant to a stipulated agreement between the parties and Rule 56(C) of the Federal Rules of Civil Procedure.

### Grounds For Discharge

On October 21, 2010 Petitioner filed a petition for the Great Writ of Habeas Corpus ad Subjicien'dum for the release of the prisoner from Federal custody purusuant to a stipulated agreement between the parties. On December 23, 2010 the court ordered that the United States shall respond on or before January 24, 2011, to a motion to vacate pursuant to 28 USC § 2255. The government has failed to respond, as so ordered, and therefore has chosen to stand silent, as per the stipulated agreement. Therefore, the prisoner is entitled to discharge and release from custody as a matter of law.

"Rule 56(c), which provides that summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp v. Catrett, 477 US 317, 323 (1986)

1

SCANNED JAN 3 1 2011 U.S. DISTRICT COURT MPLS

"(a) the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a <u>complete failure of proof concerning an essential element of the nonmvoing party's case necessarily renders all other facts inmaterial.</u>  The moving party is entitled to a judgment as a matter of law because the non moving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof."  <u>Celotex</u> at 322

Petitioner claimed that the court failed to establish impersonam jurisdiction when it was challenged and the indictment was legally insufficient to state an offense for failure to state statutory authority for two esential elements of the offense.  The government's response is a complete failure of proof concerning these essential elements of its case and has abandoned their claims by their failure to brief them.

"a Court may grant summary judgment on the record before it <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1238 (8th Cir. 1997).  Goe has waived any challenge he may have to the dismissal of his due process claim by failing to brief the issue..  See <u>Milligan v. City of Red Oak, Iowa</u>, 230 F.3d 355, 360 (8th Cir. 2000) (assertion of error is waived unless supported by argument and legal authority)"  <u>Goe v. City of Mexico, Missouri</u>, 217 F.3d Appx. 583 (8th Cir. 2007)

"Graves also alleged a due process violation, but because he has failed to brief this claim, we find he has abandoned it.  See <u>Carter v. Chrysler Corp</u>, 173 F.3d 693, 699 (8th Cir. 1999)"  <u>Graves v. Arkansas Dept Finance</u>, 229 F.3d 721 (8th Cir. 2000)

If the United States was opposed to discharge of the prisoner, they were obligated to come forward with evidence showing there is a dispute regarding the facts or the law.  As a result of their silence on the essential elements of their case, they have established, by the maxim of law, that silence is agreement, that they are in agreement.

"Once the moving party has met its initial burden, the nonmoving party 'may not rely merely on allegations or denials in its own pleadings.'  FRCiv.P 56(e)(2).  Rather, the nonmoving party must, by affidavits or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial."  <u>Matsushita Elec. Indu Co. v. Zenith Radio Corp</u>, 475 US 574, 586 (1986)(quoting <u>U.S. v. Diebold Inc.</u>, 369 US 654, 655 (1962))."  <u>El-Karanchawry v. A.E.D. Enters</u>, 2010 U.S. Dist. LEXIS 76480 (E.D. Mo.)

2

Rule 56(e) provides in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, ... If he does not so respond, summary judgment is appropriate, shall be entered against him. As a litigant, ... the government and its officers, ... cannot dictate which rules it will obey and which it will disregard." Int'l In-Flight Catering Co. v. Nat. Mediation Bd, 555 F.2d 712 (11th Cir. 1977)

"'Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.' Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986), 'Factual disputes that are irrelevant or unnecessary will not be counted.' Id." Conseco Life Ins. Co. v. Williams, 2010 U.S. App LEXIS 18456 (8th Cir.)

The Federal Rules of Civil Procedure may be applied in habeas corpus and in § 2255 cases.

"The United States argues that 'this court may consider a motion for summary judgment in this case because both the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure may be applied in [§ 2255] cases." (Filing 271 at 1 (citing Rules Government Section 2255 Proceedings for the United States District Courts, Rule 12)). U.S. v. Vega-Toscana, 2010 U.S. Dist LEXIS 58803 (D. Nebraska)

The court is not required to conduct a hearing in habeas corpus cases if there are no material issues in dispute.

"The USDC for the Northern District of Illinois, ruling upon a state prisoner's petition for habeas corpus, issued an opinion and order directing that the prisoner be released from custody ... The district court did not hold an evidentiary hearing in connection with its ruling, but made its decision on the basis of the petition, a "motion to dismiss" by the respondent state official, and the state-court record that the police lacked probable cause to arrest him." Browder v. Dept. of Corr., 434 U.S. 257, 265, n.9 (1978)

"A moving party is entitled to summary judgment ... King v. Hardesty, 517 F.3d 1049 (8th Cir. 2008). A § 2255 motion can be dismissed without a hearing ... Sanders v. U.S., 341 F.3d 720, 722 (8th Cir. 2003)" U.S. v. Monday, 2008 U.S. Dist. LEXIS 31287 (D. Nebraska)

"Petitoner inmate applied in the district court for a writ of habeas corpus ... The court found that respondent's ... request for a Rule 9(a) dismissal was treated as a motion for summary judgment under FRCivP 56 ... the court found that Respondent's evidence failed to show a particularized prejudice ... to meet the requirements of Rule 9(a)." Hill v. Linahan, 697 F.2d 1032 (11th Cir. 1983)

## Conclusion

The matter before the court does not require the trial of issues of fact. The court, having considered Petitioner's request for discharge and release, ordered the government to respond pursuant to Habeas Rule 4(b). Based upon the United States' failure to respond, there are no issues of material fact, controversy or dispute, so Petitioner is entitled to discharge and release from custody as a matter of law, without further delay.

Respectfully Requested

without Prejudice

*[signature]*

Robert Bonine Beale

January 25, 2011
Yazoo City, Mississippi

cc:    ERIC HOLDER
UNITED STATES ATTORNEY GENERAL
Pennsylvania Avenue, NW, Room 5111
Washington, DC   20530

MICHELE BACHMANN, MINNESOTA REPRESENTATIVE
UNITED STATES CONGRESS
P.O. Box 25950
Woodbury, Minnesota 55125