# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                      Plaintiff/Respondent,

        v.

Robert Bonine Beale,

                  Petitioner/Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 06-10 ADM/JJG
Civil No. 10-4933 ADM

_____

Robert Bonine Beale, *pro se*.

Timothy C. Rank, Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent United States of America.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Robert Bonine Beale's ("Beale") *pro se* motions [Docket Nos. 398, 404] to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, his petition [Docket No. 402] seeking discharge from prison, and petition [Docket No. 403] seeking rescission of the Court's order [Docket No. 401] granting Plaintiff United States of America's (the "Government") an additional thirty days to respond to Beale's first 2255 motion.

## II.  BACKGROUND[1]

### A.    Conviction and Sentence

In 2008, Beale was convicted after a jury trial on five counts of tax evasion, one count of

---

[1] A brief summary of the factual background suffices for the purposes of this Order.  The facts are more fully detailed in <u>United States v. Beale</u>, 574 F.3d 512, 514-17 (8th Cir. 2009).

conspiracy to defraud the United States, and one count of failure to appear at trial.  Verdict [Docket No. 325].  He was sentenced to serve 134 months in prison.  <u>See</u> Sentencing J. [Docket No. 340].  The evidence supporting the conviction concerned Beale's attempts to conceal more than five million dollars in income from the Internal Revenue Service ("IRS") and Minnesota Department of Revenue (MDR") from 2000 to 2004, and from his failure to appear on the day of his originally scheduled trial in August 2006.  <u>Beale</u>, 574 F.3d at 514-17.

**B.      Post-Trial Motion**

Following the guilty verdicts, Beale filed a motion [Docket No. 330] for acquittal or a new trial, arguing: (1) acquittal was required because the Government had not proven he willfully violated the tax laws, or (2) a new trial was necessary because he was prevented from introducing certain evidence, was denied requested funding for his defense, was entitled to certain jury instructions that were not given at trial, and was incapable of representing himself at trial due to the harsh conditions of his confinement and lack of food and rest.  The Court denied Beale's post-trial motion.  Sentencing Tr. [Docket No. 355] at 6-10.

**C.      Appeal**

Beale appealed his conviction and sentence to the Eighth Circuit, arguing:  (1) the evidence was insufficient to support his conviction for tax evasion; (2) the district court judge should have recused herself after she learned Beale created a "Common Law Court" that planned to "arrest" her so Beale could "take [her] down;" (3) Beale was denied adequate resources for his *pro se* defense; and (4) Beale's sentence of 134 months of imprisonment was excessive.  <u>Beale</u>, 574 F.3d at 517-21.  The Eighth Circuit affirmed the judgment.  <u>Id.</u> at 521.

2

**D.      Section 2255 Motions and Other Petitions**

Beale brings the present motions under 28 U.S.C. § 2255 to challenge his conviction and

sentence.[2]  He contends the Government has entered into a "stipulated agreement" that the

indictment should be dismissed and judgment vacated on the following grounds: (1) the district

court lacked personal and subject matter jurisdiction; (2) the indictment was unconstitutionally

vague; (3) the district court erroneously prohibited Beale from presenting certain evidence at

trial; (4) the district court failed to instruct the jury regarding an essential element of offense; and

(5) Beale was denied his Sixth Amendment right to effective assistance of counsel because his

appellate counsel failed to raise the foregoing issues on appeal despite Beale's request that

counsel do so.

The "stipulated agreement" which Beale alleges binds the Government is actually a

document entitled "Certificate of Default and Binding Administrative Agreement and

Confession of Judgment" dated September 7, 2010.  See Docket No. 402, Ex. J ("Certificate of

Default") at 2.  The Certificate of Default alleges Beale sent the Government a "Notice of

Counterclaim and Demand for Proof of Law, Proof of Fact and Proof of Claim and Contract"

("Notice") in August 2010, and that the Government did not respond to the Notice within the

time specified.  Id. at 3.  Therefore, according to the Certificate of Default, the Government

---

[2] Beale's motions are captioned as petitions for a writ of habeas corpus.  See Docket Nos.
398, 404.  However, because the pleadings challenge the validity of Beale's conviction and
sentence, they are construed as motions for relief under 18 U.S.C. § 2255.  See Beale v. Jones,
Civ. No. 10-4293 RHK/JSM (D. Minn.), Dec. 17, 2010 Order [Docket No. 5] (ordering that
Beale's October 21, 2010 petition for a writ of habeas corpus be construed as a § 2255 motion
and refiled in the instant case); Def.'s Pet. to Dismiss, Feb. 18, 2011 [Docket No. 404] at 1
(seeking to "vacate the void judgment and dismiss the underlying criminal charges for want of
subject-matter [sic] jurisdiction").

3

chose to "stand silent" and enter into "an agreement and contract by operation of the law."  Id.

Upon Beale's filing of his first 2255 motion, the Court ordered the Government to respond by January 24, 2011.  Order, Dec. 23, 2010 [Docket No. 399].  On January 31, 2011, the Government requested an enlargement of time to respond, and the Court extended the response deadline to February 23, 2011.  See Docket Nos. 400, 401.  Also on January 31, 2011, Beale filed a petition seeking his discharge from prison, arguing that the Government, by failing to timely respond to the first 2255 motion, "has chosen to stand silent, as per the stipulated agreement," and thus Beale is entitled "to discharge and release from custody as a matter of law."  Def.'s Petition for Discharge of Prisoner [Docket No. 402] at 1.  On February 10, 2011, Beale filed a petition to rescind the Order enlarging the Government's time to respond, arguing the Government's failure to respond before the initial response date had expired constitutes inexcusable neglect.  See Docket No. 403.

Beale filed a second 2255 motion [Docket No. 404] on February 18, 2011, claiming Court lacked subject matter jurisdiction over his case.

On February 23, 2011, the Government filed a response [Docket No. 405] to Beale's first 2255 motion.  The Government denies entering into an agreement with Beale, and describes the stipulated agreement referenced by Beale as "pure fiction."  Pl.'s Resp. [Docket No. 405] at 28 n.8.  Additionally, the Government argues:  (1) each of Beale's claims with the exception of the ineffective assistance claim are barred because Beale failed to raise them on direct appeal; and (2) all of Beale's claims fail on the merits.

Beale filed a reply [Docket No. 406] that repeats the arguments raised in his 2255 motions and the Petition for Release of the Prisoner.  Beale also argues the Court lacked

4

authority to consider the Government's response because it was not timely filed.

## III.  DISCUSSION

**A.      Petition to Rescind Order Granting Enlargement of Time**

As an initial matter, Beale urges the Court to rescind its Order granting the Government an extension of time to respond to his first 2255 motion.  Beale argues the Court erred in granting the request for an extension, because the Government did not show that its failure to act was due to "excusable neglect" under Federal Rule of Criminal Procedure 45(b)(1)(B) and Federal Rule of Civil Procedure 6(b).  Both of those rules provide that if an act may or must be done within a specified time and a party's motion to extend the time is brought after the initial time has expired, a court may extend the time for "good cause" "if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1)(B); Fed. R. Civ. P. 6(b).  The Government's request for an extension was filed seven days after the January 24, 2011 response date that had been set by the Court.  The request did not provide a reason for not complying with the January 24, 2011 deadline.

Beale's argument fails for two reasons.  First, the Court was not constrained by the Federal Rules of Criminal Procedure or Federal Rules of Civil Procedure (collectively, the "Federal Rules") when determining whether to grant the request for an enlargement of time. Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts uses permissive language in stating "the Federal Rules of Criminal Procedure and Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, *may* be applied to a proceeding under these rules." (emphasis added).

Second, even if the Federal Rules were applied to this issue, the decision to accept a tardy

response to a 2255 motion is "a matter within the discretion of the court."  See Fernandez v.

United States, 197 F. App'x 513, 514 (7th Cir. 2006).  Here, the Court properly exercised its

discretion because the Government's neglect was "excusable."  "'Excusable neglect' . . . is a

somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances

outside the control of the movant."  Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 113

S.Ct. 1489, 1496 (1993).  The determination of whether a party's neglect is "excusable"

> is at bottom an equitable one, taking account of all relevant
> circumstances surrounding the party's omission.  These include . . .
> the danger of prejudice to the [other party], the length of the delay
> and its potential impact on judicial proceedings, the reason for the
> delay, including whether it was within the reasonable control of the
> movant, and whether the movant acted in good faith.

Id. at 1498 (footnote omitted).

    In the present case, the Government's brief delay in responding to the challenge of a

judgment that became final more than one year ago neither impacts these proceedings nor

prejudices Beale.  Furthermore, there is no indication the Government acted in bad faith by

failing to meet the initial deadline set by the Court.[3]  Therefore, the circumstances surrounding

the Government's omission leads to a determination that the neglect was "excusable."

**B.    Petition for Discharge under Federal Rule of Civil Procedure Rule 56(c)**

    Beale argues in the Petition for Discharge of the Prisoner that the Government failed to

timely respond to his first 2255 motion and has therefore "chosen to stand silent, as per the

stipulated agreement."  Def.'s Petition for Discharge of Prisoner at 1.  Beale thus concludes he is

entitled "to discharge and release from custody as a matter of law."  Id.

---

[3] The Court was well aware of Government counsel's active litigation schedule at the
time of delay in responding to this post-conviction matter.

Beale's Petition for Discharge is denied because: (1) the Government responded to Beale's first 2255 motion by the Court-approved deadline of February 23, 2011; and (2) a "stipulated agreement" does not exist between Beale and the Government.  The Government was under no obligation to respond to the "Notice" sent by Beale in August 2010, and the Government's lack of response did not result in a "stipulated agreement" between the parties.

**C.      Motions for Relief Under 28 U.S.C. § 2255**

Section 2255 provides persons in federal custody a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of the sentence prescribed by the court.  See United States v. Addonizio, 442 U.S. 178, 184-85 (1979).  A prisoner is entitled to an evidentiary hearing on a 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  Beale's allegations do not entitle him to relief on his claims.

**1.      Jurisdiction**

**a.      Subject Matter Jurisdiction**

Beale argues the Court lacked subject matter jurisdiction over the instant case because the tax offenses charged were not "within the jurisdiction of [18 U.S.C. ] § 3231."  Def.'s Pet. to Dism. [Docket No. 404] at 7.  This argument has been soundly rejected by the Eighth Circuit, which has stated:

> § 3231 confers jurisdiction on district courts to try charges of
> failure to file income tax returns.  Section 3231 grants federal
> courts jurisdiction over "*all offenses* against the laws of the United
> States" (emphasis added).  Article I, Section 8 of the Constitution
> and the Sixteenth Amendment empower Congress to create and
> *enforce* an income tax.

United States v. Drefke, 707 F.2d 978, 981 (8th Cir. 1983) (emphases in the original) (citations

omitted).  Therefore, the claim that the Court lacked subject matter jurisdiction fails.

### b.    Personal Jurisdiction

Beale also argues the District Court lacked personal jurisdiction over him because he is

"a non-citizen national of Maryland, a non-resident alien with no voluntary contacts or presence

within the United States and domiciled without the United States as a stateless person," and a

"nontaxpayer."  Def.'s 2255 Mot. [Docket No. 398] ("First 2255 Motion") at 3, 14 (footnotes

and citations omitted).

This assertion is a variation on a theme of tax protestor arguments repeatedly rejected by

the Eighth Circuit as "meritless," "absurd," and "entirely frivolous."  See United States v.

Watson, 1 F.3d 733, 734 (8th Cir. 1993) (finding defendant's assertion that he is a "free citizen

of the State of Oklahoma" and not a United States citizen because he has never lived or worked

in the District of Columbia or territories of the United States to be "meritless"); United States v.

Kruger, 923 F.2d 587, 587-88 (8th Cir. 1991) (rejecting as "absurd" defendants' argument that

the Thirteenth, Fourteenth, and Fifteenth Amendments to the U.S. Constitution unlawfully

bestow citizenship upon "non-white races and other 'artificial statutory persons'"); United States

v. Schmitt, 784 F.2d 880, 882 (8th Cir. 1986) (finding appellants' argument that the district court

lacked personal jurisdiction over them because they are "Natural Freemen" to be "entirely

frivolous").  See also United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting

appellants' assertion that they are not citizens of the United States, but instead "Free Citizens of

the Republic of Minnesota").

Furthermore, the Eighth Circuit has specifically considered and rejected Beale's

contention that his alleged non-citizen status places him outside the reach of the tax laws:

> Beale's argument that he is not a "person" subject to the tax laws as
> defined in 26 U.S.C. § 7343 was rejected in United States v. Rice,
> 659 F.2d 524, 528 (Former 5th Cir. 1981); his argument that under 26
> U.S.C. § 3401 "employee" includes only federal wage earners was
> squarely dismissed in United States v. Latham, 754 F.2d 747, 750
> (7th Cir. 1985) (stating that under section 3401(c) the argument that
> "the category of 'employee' does not include privately employed
> wage earners is a preposterous reading of the statute"); and, for the
> coup de grace, his scheme of United States citizenship, within which
> the federal government cannot tax the income of citizens of the
> several states unless they are federal employees or freed slaves, has
> been rejected time and again, see United States v. Gerads, 999 F.2d
> 1255, 1256 (8th Cir. 1993) (per curiam); United States v. Jagim, 978
> F.2d 1032, 1036 (8th Cir. 1992); United States v. Hilgeford, 7 F.3d
> 1340, 1342 (7th Cir. 1993).

Beale, 574 F.3d at n.3.  Accordingly, Beale's jurisdictional arguments are without merit.

Not only are Beale's jurisdictional arguments frivolous, his second 2255 motion, which

alleges the Court lacked subject matter jurisdiction, was filed on February 18, 2011 and is likely

barred by: (1) the one-year statute of limitations period specified in 28 U.S.C. § 2255(f)(1); and

(2) the requirement under 28 U.S.C. § 2255(h) that a "second or successive" 2255 motion be

certified by the appropriate court of appeals.

## 2.    Sufficiency of the Indictment

Beale argues the indictment was unconstitutionally vague because it "failed to state

statutory authority that imposed any legal duty to pay a tax or define taxable income," and it did

not "state any statutory authority or even allege that [Beale's] status came within the jurisdiction

of the charging statutes."  First 2255 Motion at 38.

It is well settled that absent "exceptional circumstances," a challenge to the sufficiency of

the indictment "is not cognizable in a section 2255 action."   United States v. Shabazz, 657 F.2d

189, 190 (8th Cir. 1981); see also Moore v. United States, 337 F.2d 350, 352 (8th Cir. 1964)

(holding that the Eighth Circuit has consistently adhered to the general rule that "absent

exceptional circumstances, the sufficiency of the indictment is not subject to collateral attack")

(citing Keto v. United States, 189 F.2d 247, 251 (8th Cir. 1951)).  Beale does not allege

exceptional circumstances, and so his challenge to the sufficiency of the indictment is not

cognizable.

Moreover, the indictment was not unconstitutionally vague.  "An indictment is sufficient

if 'it contains all of the essential elements of the offense charged, fairly informs the defendant of

the charges against which he must defend, and alleges sufficient information to allow a

defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.'" United States

v. Cavins, 543 F.3d 456, 458 (8th Cir. 2008) (quoting United States v. Fleming, 8 F.3d 1264,

1265 (8th Cir. 1993)).

Here, the tax evasion counts charged in the indictment and challenged by Beale include

"all of the essential elements of the offense charged."  Cavins, 543 F.3d at 458.  "The elements

of tax evasion are willfulness, the existence of a tax deficiency, and an affirmative act

constituting evasion or attempted evasion of the tax."  Beale, 574 F.3d at 517 (quoting United

States v. Marston, 517 F.3d 996, 999 n.2 (8th Cir. 2008)).  The indictment detailed the tax

deficiencies for the years at issue and alleged Beale's willfulness and affirmative acts of tax

evasion by stating that Beale, *inter alia*:  failed to file income tax returns and report income to

10

the IRS and the MDR; directed the change of his employment designation from "employee" to "consultant" in order to receive his salary through shell corporations that served as pass-through entities for concealing his income from the IRS; instructed payroll personnel not to issue a Form 1099 to the shell corporation or a Form W-2 in his name; and engaged in concerted efforts with business associate and co-defendant Lee Stagni to conceal the source, location, and amount of Beale's income.  See generally Second Superseding Indictment [Docket No. 231].

Not only did the Indictment contain the essential elements of the offenses charged, it included detailed allegations that fairly informed Beale of the charges against him and alleged sufficient information to allow him to plead a conviction or acquittal as a bar to future prosecution.  See Cavins, 543 F.3d at 458.  Therefore, Beale cannot succeed on his claim that the indictment was unconstitutionally vague.

### 3.    Evidentiary Rulings

Beale also claims his Constitutional rights were violated at trial because he was not allowed to present evidence of his understanding of the law to the jury.  Beale argues he should have been able to present three books and numerous affidavits by him that stated his understanding of the tax code.  Beale contends the evidence was central to his good faith belief that his income was not taxable and there was no tax deficiency.

"Under the Federal Rules of Evidence the trial court has broad discretion in determining the relevancy and admissibility of evidence.  It is only where the trial court excludes relevant evidence without sufficient justification that a defendant's right to compulsory process is violated."  United States v. Bernhardt, 642 F.2d 251, 253 (8th Cir. 1981) (citations omitted). Where a defendant attempts to introduce legal materials into evidence to rebut the element of

willfulness, a "trial court [is] warranted in excluding the material under Fed. R. Evid. 403 on the ground that it would tend to confuse the jury." Id.

Here, Beale was allowed to testify on the witness stand as to his good faith belief that his income was not taxable and that a tax deficiency did not exist. The additional materials he sought to introduce were properly excluded as cumulative and potentially confusing to the jury.

Moreover, the Eighth Circuit has observed that Beale's attempts to evade his tax obligations evinced his knowledge of the tax law requirements, and that Beale's "idiosyncratic views on our constitutional structure, whether sincere or not, are not good-faith mistakes about what the law is. They are disagreements about what the law should be." Beale, 574 F.3d at 519. Thus, in addition to being cumulative and potentially confusing to the jury, the materials Beale sought to introduce held little if any probative value on the element of Beale's willfulness.

### 4.      Jury Instructions

Beale further argues his Constitutional rights were violated because the Court did not instruct the jury of "the statutory requirements for determining the status of [Beale] to be subject to the Internal Revenue Code or the statutory authority for determining a legal duty to pay a tax or to determine taxable income." First 2255 Motion at 49.

"The district court has broad discretion in formulating the jury instructions. A defendant is entitled to a timely requested instruction on his theory of defense as long as it correctly states the law and is supported by the evidence." United States v. Johnson, 278 F.3d 749, 751-2 (8th Cir. 2002) (citations omitted). In the instant case, "Beale's interpretations of the federal tax statutes have been repeatedly rejected by the federal courts." Beale, 574 F.2d at 518. Therefore, Beale was not entitled to jury instructions conveying his legally incorrect interpretations of the

tax laws.

Moreover, the jury instruction pertaining to the tax evasion offense that was submitted here is identical in all material respects to a jury instruction upheld by the Eighth Circuit in United States v. Gustafson, 528 F.3d 587, 592 (8th Cir. 2008). There, the District Court "instructed the jury that to convict a defendant for tax evasion under 26 U.S.C. § 7201, the government was required to prove beyond a reasonable doubt that the defendant 'owed substantial income tax,' 'attempted to evade and defeat that tax,' and 'acted willfully.'" Id. The Eighth Circuit found the "instruction adequately stated the law and clearly set forth the three elements that the government needed to prove in order for the [defendants] to be convicted of tax evasion." Id.

Here, the Court instructed the jury that:

> In order to sustain its burden of proof for the crime of willfully attempting to evade or defeat a tax as charged in Counts 1 through 5 of the Indictment, the Government must prove the following three elements beyond a reasonable doubt:
> One: A substantial income tax was due from Defendant Robert B. Beale;
> Two: Robert B. Beale attempted to evade or defeat this tax as detailed in the Indictment; and
> Three: In attempting to evade or defeat such tax, Robert B. Beale acted willfully.

Jury Instruction No. 15 [Docket No. 324]. As in Gustafson, the jury instruction "adequately stated the law and clearly set forth the three elements that the government needed to prove in order for [Beale] to be convicted of tax evasion." Gustafson, 528 F.3d at 592.

13

5.        **Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Claims for ineffective assistance of appellate counsel are analyzed under the Strickland test. Smith v. Robbins, 528 U.S. 259, 285 (2000).  In applying the Strickland standard, courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 690.

If a defendant fails to establish prejudice as required by the second part of the Strickland test, a court need not address whether the attorney's representation was objectively reasonable. Strickland, 466 U.S. at 697 (1984) ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."); see also, United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (stating "the failure to establish prejudice can be dispositive of a case," and that the first part of the Strickland test need not be addressed if a movant cannot show prejudice); Cagle v. Norris, 474 F.3d 1090, 1097 (8th Cir. 2007) (finding movant failed to meet burden under Strickland because even if counsel's representation fell below an objective standard of reasonableness, the representation did not result in prejudice).  To establish prejudice caused by ineffective assistance of appellate counsel, a petitioner must show "a reasonable probability that,

14

but for counsel's deficient performance, the result of his direct appeal would have been different."  Williams v. Kemna, 311 F.3d 895, 898 (8th Cir. 2002).

Beale argues his appellate counsel was ineffective because counsel failed to raise the above arguments on appeal despite Beale's request that he do so.  However, as discussed above, each of Beale's argued grounds for relief lack merit.  Therefore, there is no reasonable probability that counsel's raising the arguments on appeal would have changed the outcome of the appeal.  Accordingly, Beale cannot satisfy the second prong of the Strickland test, and his claim of ineffective assistance of counsel fails.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in these 2255 motions differently, or that any of the issues raised in the motions would be debatable among reasonable jurists.  Thus, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant Robert Bonine Beale's Petition to Rescind the Order Granting Enlargement of Time [Docket No. 403] is **DENIED**;

2.      Defendant Robert Bonine Beale's Petition for Discharge of the Prisoner [Docket No. 402] is **DENIED;** and

3.      Defendant Robert Bonine Beale's Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket Nos. 398, 404] are **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 6, 2011.