UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 06-010 (ADM) |
| | \* | CR 08-210 (LLP) |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| ROBERT BONINE BEALE, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert B. Beale has made a Motion for Termination of his supervised release. The release is scheduled to expire on April 1, 2023, three years after its inception.

Mr. Beale was sentenced to two terms of supervised release, once in 2008 along with his sentence to 134 months in custody for tax evasion, defrauding the United States and failure to appear at trial. The latter conviction was for failing to appear and then being a fugitive for about 14 months before being arrested without incident in Florida.

In 2009 Mr. Beale was sentenced to 48 months of custody and three years of supervised release for conspiring to impede an officer and aiding and abetting obstruction of justice. The officer in question was the trial judge in Mr. Beale's tax evasion case.

Mr. Beale's custody was reduced to release on April 1, 2020, in response to his motion for compassionate release.

Mr. Beale correctly points out that his incarceration and his supervised release have been without incident. He claims sorrow, regret, and repentance for his previous conduct.

Motions for Termination of Supervised Release normally come through and with the recommendation of the Supervising Probation Officer. This Motion did not come to the Court in that way but that need not be fatal to the motion as it is the Court's obligation and authority under the law to determine whether supervised release should be terminated now that Mr. Beale has been under supervised release for more than one year. 18 U.S.C. § 3583(e)(1).

In considering modification of conditions, the Court is to consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), which it has.

In considering the nature and characteristics of the offense the Court is not so much concerned with the tax fraud as with the planned interference with the judge who was to try the tax fraud case. Mr. Beale is a highly intelligent man who is nonetheless been given to some extremes that have gotten him into deep trouble with the law, his family, and his former business life. The Court believes there is benefit to Mr. Beale and to the public for him to have the help and the steady hand of continuing contact with his probation officer.

One of the considerations is 18 U.S.C. § 3553(a)(6), the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Mr. Beale points out that Lee Stagni, his co-defendant, had his supervised release reduced to 18 months by the Court. The difficulty with that position is that Lee Stagni was only a co-defendant on the tax fraud case. Lee Stagni was not one of the people involved with Mr. Beale in the planned interference with Mr. Beale's trial judge. Those acts are what is now of concern to this Court. There is no sentence disparity from the fact that Lee Sagni's supervised release was terminated after 18 months.

No one apparently anticipated that this highly intelligent and successful business and family man would engage in the tax fraud that he did and then flee and when caught attempt to interfere with and intimidate his trial judge. These highly troubling actions warrant continued court supervision for the benefit of the public and Mr. Beale, not for punishment.

2

Accordingly,

IT IS ORDERED:

1. That Defendant Robert B. Beale's Motion for Termination of Supervised Release, Doc. 441 in Case 06-cr-00010, is denied.

2. That Defendant Robert B. Beale's Motion for Termination of Supervised Release, Doc. 299 in Case 08-cr-00210, is denied.

Dated this 25th day of January, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge